# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUSTIN WADE WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. CIV 16-467-RAW-SPS |
| SHANNON SMITH, KAREN HEWES, and JUDGE GEORGE BUTNER, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Justin Wade Williams, a pro se prisoner who is incarcerated in the Seminole County Jail in Wewoka, Oklahoma, filed this civil rights action pursuant to 42 U.S.C. § 1983. He claims he has been denied access to a law library and to Native American religious materials, and he does not get time in the exercise yard. He is requesting monetary damages for the alleged constitutional violations.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at

570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Defendant Judge George Butner**

Construing Plaintiff's complaint liberally, he is alleging Defendant Judge Butner failed to provide him access to a law library. Plaintiff has submitted a copy of a Request to Staff (RTS) for the Seminole County Jail, dated October 10, 2016, and directed to Defendants Shannon Smith, Karen Smith, and Judge Butner. (Dkt. 1 at 8). The RTS states Plaintiff had a court date of October 13, 2016, and he needed at least two hours in the law library to look up case law pertaining to his case.

*Id.* The October 10, 2016, response to the RTS stated there was no law library, and Plaintiff needed to contact his lawyer. *Id.*

A review of Plaintiff's complaint indicates he has presented no allegations that Judge Butner personally participated in any of the alleged constitutional violations. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Furthermore, "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Therefore, Defendant Judge George Butner is DISMISSED from this action for Plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1) and §1915A(b)(2).

**ACCORDINGLY,** Defendant Judge George Butner is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and §1915A(b)(2).

**IT IS SO ORDERED** this 21st day of November 2016.

**Dated this 21st day of November, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma